# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARL A. EMERICH,
#73070,

    *Plaintiff*,

vs.

PAM DELPORTO, *et al.*

    *Defendants*.

2:13-cv-00988-APG-PAL

**SCREENING ORDER**

    This *pro se* prisoner civil rights action by a Nevada state inmate comes before the Court on plaintiff's application (#1) to proceed *in forma pauperis* as well as for initial review under 28 U.S.C. § 1915A. While plaintiff did not submit a complete inmate account statement, the Court nonetheless finds on the materials presented that plaintiff is unable to pay a substantial initial partial filing fee. The pauper application therefore will be granted, subject to the remaining provisions of this order.

    Turning to initial review, when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell*

*v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87 (2009).  That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief.  *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).]  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint, plaintiff Carl Emerich alleges in principal part that correctional officials promised him certain sentencing credits in exchange for his helping arrest and convict a correctional officer for smuggling drugs into a prison in July 2007.  He alleges that he recently learned that he had not received the sentence credits.  He alleges that he did not receive 90 days meritorious credit and 120 days work credit that he should have received under the promises.  He alleges at one point that the breach of promise resulted "in me staying in prison 126 actual days [more] than I should have to," at another point that the loss of work credit in

particular resulted in "my prison sentence being 72 days longer," and at another point that the combined deprivation resulted "in my being in prison almost 5 months longer than promised." Plaintiff seeks, *inter alia*, restoration of the allegedly wrongfully deprived 90 days of meritorious credit and 120 days of work credit as well as damages "for each day held in custody longer than the promised total of . . . 126 actual days."

When a § 1983 plaintiff presents claims that necessarily challenge the continuing validity of either the fact or duration of his confinement, then the claims are not cognizable in the civil rights action "no matter the relief sought (damages or equitable relief), [and] no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)(emphasis in original); *Heck v. Humphrey*, 512 U.S. 477 (1994). A § 1983 plaintiff seeking to challenge the continuing validity of his confinement or the duration thereof first must establish that the confinement has been declared invalid by a state tribunal authorized to make such a determination, expunged by executive order, or called into question by the grant of a federal writ of habeas corpus. *Heck*, 512 U.S. at 486-87.

In the present case, plaintiff's claims clearly and directly challenge the duration of his confinement. Claims necessarily implying the invalidity of the deprivation or denial of sentence credits, thereby challenging the duration of plaintiff's confinement, are not cognizable under § 1983. *See Edwards v. Balisok*, 520 U.S. 641 (1997).

The Court therefore will dismiss the complaint for failure to state a claim upon which relief may be granted. The Court finds that grant of an opportunity for amendment would be futile, as, by definition under the allegations of the complaint, the alleged extra incarceration has not been declared invalid by a state tribunal, removed by executive order, or called into question by grant of a federal writ of habeas corpus. Plaintiff may pursue a challenge to the duration of his confinement in federal court only via a petition for a writ of habeas corpus.[1]

---

[1] The Court expresses no opinion as to whether such a federal habeas petition would be timely at this juncture and/or as to whether plaintiff has exhausted state judicial remedies.

1  IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED, subject to the remaining provisions herein. Even if this action is dismissed, the full $350.00 filing fee still must be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. The Clerk shall SEND a copy of this order to the Finance Division of the Clerk's Office. **The Clerk shall also SEND a copy of this order addressed to the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

IT FURTHER IS ORDERED that this action shall be DISMISSED without prejudice for failure to state a claim upon which relief may be granted. This dismissal shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: June 17, 2013.

_____
ANDREW P. GORDON
United States District Judge